MW

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Vasquez-Leon,<br><br>    Petitioner,<br><br>v.<br><br>Fred Figueroa,<br><br>    Respondent. | No.  CV-19-05046-PHX-JAT (ESW)<br><br>**ORDER** |

  Petitioner Martin Vasquez-Leon (A# 090-975-272), who is detained in the Geo Group Pine Prairie Immigration and Customs Enforcement ("ICE") Processing Center in Pine Prairie, Louisiana, has filed a pro se Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 10).  The Amended Petition and this action will be dismissed.

**I. Background**

  Petitioner is a native and citizen of Mexico.  In November 1983, he entered the United States at an unknown location. (Docs. 1 at 18; 10-1 at 8.)  Petitioner "was arrested and charged with DUI and possession of synthetic narcotics" on March 1, 1988, and on December 17, 1991, he "was arrested, convicted and sentenced to 6 month[s] in jail for the offense of DUI."  (Docs. 1 at 19; 10-1 at 9.)

  In 1998, Petitioner was encountered by immigration officials and "voluntary removed to Mexico."  (Docs. 1 at 12; 10-1 at 2.)  Petitioner reentered the United States without inspection at or near San Diego, California, on March 19, 1998. (Doc. 10-2 at

27-28.)

On December 22, 2012, Petitioner "served ten (10) nights in jail with release to work during the day for the offense of DUI." (Docs. 1 at 19; 10-1 at 9.) On April 4, 2013, he pleaded guilty to driving under the influence in Avondale City Court, Case No. TR-201205296, and was sentenced to 30 days in jail, of which 20 were suspended upon completion of counseling. (Doc. 1 at 118, 120-123, 199.)

Petitioner was arrested by the Avondale Police Department on March 5, 2016 and charged with several counts of driving under the influence.[1] (Doc. 1 at 119.) Following his release from jail, on April 14, 2016, Petitioner was taken into custody by the United States Department of Homeland Security ("DHS") and issued a Notice to Appear, charging him as removable from the United States pursuant to Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. 10-2 at 27-28.)

On June 1, 2016, Petitioner received a custody redetermination hearing before an immigration judge ("IJ") in Florence, Arizona. The IJ denied Petitioner's request for release on bond, finding that he posed a danger to the community were he to be released. (Docs. 1 at 13; 10-1 at 3.) Petitioner received a second custody redetermination hearing on December 12, 2016. Petitioner's request for release was again denied based on a finding that he posed a danger. (Docs. 1 at 14; 10-1 at 4.)

On January 31, 2017, Petitioner received a "Rodriguez Bond" hearing and was granted release on bond in an amount of $10,000. (Docs. 1 at 14; 10-1 at 4.) Petitioner posted bond and was released from custody. (Doc. 1 at 127; 10-3 at 4.) DHS filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), and on January 11, 2018, the BIA sustained the appeal, concluding that the IJ erred in determining that Petitioner did not pose a danger to the community if released on bond. (Docs. 1 at 15; 10-

---

[1] On March 23, 2017, Petitioner pleaded guilty to driving under the influence in Avondale City Court, Case No. TR-201600798, and was sentenced to 24 days in jail, of which 10 were suspended upon completion of counseling. (Doc. 1 at 110-116, 199.) The conviction was later set aside in July 2018, and Petitioner entered a guilty plea to driving at a speed greater than reasonable and prudent. *See* https://apps.supremecourt.az.gov/public access/caselookup.aspx.

1 at 5.)² Petitioner was taken into custody and detained in the Eloy Detention Center in February 2018. (Doc. 1 at 127.)

Petitioner requested a redetermination of his custody status on February 20, 2018. The IJ denied the request for release on bond on March 12, 2018, finding Petitioner posed a danger to the community if released. (Docs. 1 at 15; 10-1 at 5.)

On October 10, 2018, Petitioner requested a custody redetermination hearing based on new circumstances. (Doc. 1 at 70.) An IJ in Eloy, Arizona, denied the request on October 31, 2018. (Docs. 1 at 18; 10-1 at 7.) Petitioner appealed the IJ's decision to the BIA; the outcome of that appeal is unknown. (Docs. 1 at 61-75; 10-2 at 34-40.)

An IJ ordered Petitioner removed to Mexico and denied his applications for relief on October 26, 2018. (Docs. 1 at 17-18; 10-1 at 6-7.) Petitioner appealed, and on March 29, 2019, the BIA affirmed the IJ's decision. He then filed a petition for review with the Ninth Circuit Court of Appeals; on July 22, 2020, Petitioner's appeal was dismissed. *Vazquez-Leon v. Barr*, No. 19-70796 (9th Cir. July 22, 2020).

**II.   Amended Petition**

In his Amended Petition, Petitioner names Eloy Detention Center Warden Fred Figueroa as Respondent. He seeks review of the "(1) [d]enial of relief from deportation; (2) [d]enial of a proper [b]ond [h]earing; (3) [t]he [h]earing's [d]etermination made by the Immigration Court, John Davis of the Tucson, Arizona ICE Court, and by IJ Court Paul Habich [], of the Eloy, Arizona ICE Court." (Doc. 10-1 at 1.) He asserts five grounds for relief:

> GROUND ONE: This United States District Court for the District of Arizona, has jurisdiction over this motion pursuant to 28 U.S.C. § 2241. Plaintiff is currently incarcerated at the CoreCivic Federal Detention Center, Eloy, Arizona, which is within the jurisdiction of this U.S. Federal Court. Plaintiff, further request the power of this United States District Court

---

² Petitioner filed a motion with the BIA to reconsider its decision, which was denied on July 26, 2018. (Docs. 1 at 16; 10-1 at 6.)

by the authority of the Writ which authorizes this United States District Court to intervene and to resolve the conflict over the denial of proper due process of law, to which Plaintiff is currently being subjected by the service.

GROUND TWO:  Plaintiff is proceeding, wherefore, this United States District Court of Arizona, is requested to 'review[] Plaintiff's pleading and all other legal papers liberally and further to hold[] them to a less stringent standard of review, than those motions drafted by attorneys.'

GROUND THREE:  PLAINTIFF CLAIMS DO OVERCOME THE JURISDICTION-STRIPPING PROVISIONS OF THE REAL ID ACT

GROUND FOUR:  Erroneous bond hearing determination by the Immigration Judge at Eloy, Arizona and at La Palma, Arizona Immigration Courts.

GROUND FIVE:  PLAINTIFF IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR LAWS AND OF TREATIES OF THE UN1TED STATES WHICH AUTHORIZES THIS FEDERAL DISTRICT COURT TO ISSUE THIS HABEAS CORPUS CLAIMS AND TO ORDER THE AGENCY TO GRANT PLAINTIFF RELEASE ON BOND.

Petitioner asks the Court to enjoin his "detention and deportation" and to order his "immediate release from current custody, modification of current terms of detention and or release on secure bond." (Doc. 10-1 at 1, 20.)

**III.   Habeas Corpus Review**

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3).  "The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention." *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012).  *See also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Allen v. McCurry*, 449 U.S. 90, 98 n.12 (1980).

Habeas corpus review is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9), or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)). But, "the extent of the Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or 'decision.'" *Jennings v. Rodriguez*, 583 U.S. ___, 138 S. Ct. 830, 841 (2018). Thus, "challenges to the statutory framework" authorizing detention, *Jennings*, 138 S. Ct. at 841, "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011), and "constitutional claims," such as "claims that the discretionary process itself was constitutionally flawed[,] are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241,'" *Singh v. Holder,* 638 F.3d 1196, 1202 (9th Cir. 2011) (quoting *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829 (9th Cir. 2002)).

**IV.    Discussion**

    **A.    Denial of Relief from Removal**

Petitioner's claim seeking review of "the denial of relief from deportation" and request to enjoin his deportation are barred from habeas corpus review in district court under 8 U.S.C. §§ 1252(a)(5), (b)(9). These claims are inextricably linked with, and are not independent of, his removal proceedings and must be challenged before the agency and channeled through the petition for review process in the Ninth Circuit Court of Appeals. *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031-32 (9th Cir. 2016); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *Singh*, 638 F.3d at 1211; *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007).

. . . .

. . . .

### B. Denial of Release from Custody

Petitioner's claims challenging the denial of his release from custody on bond[3] do not present a colorable constitutional claim or question of law for habeas corpus review. Petitioner argues the IJ "erred [in] the weight and significance that the IJ yield[ed] to pieces of evidence," and "improperly relied exclusively on the so call[ed] extensiveness and seriousness of [Petitioner's] past criminal convictions to establish [that he] presents a danger to the community." (Doc. 10-1 at 17-18.) He appears to allege that the IJ did not give adequate weight to the evidence that he had completed all court ordered rehabilitation classes, paid all court ordered fines, and one or more of his DUI convictions had been set aside. (*Id.* at 8-10.)

Petitioner's allegations and arguments concern the IJ's discretionary weighing of the evidence and ultimate decision to deny his release on bond, which is not subject to habeas corpus review. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("discretionary decisions granting or denying bond are not subject to judicial review"); *De Mercado v. Mukasey*, 566 F.3d 810, 814 (9th Cir. 2009) (a decision is discretionary where "it is 'a subjective question that depends on the value judgment of the person or entity examining the issue,' not a legal determination." (quoting *Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003))). Petitioner has not identified any specific factor or type of evidence on which the IJ(s) relied that *could not*, as a matter of law, constitute clear and convincing evidence that he poses a danger. *See Singh*, 638 F.3d at 1206 ("The *Guerra* factor most pertinent to assessing dangerousness directs immigration judges to consider 'the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses.'" (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006))).

---

[3] Petitioner specifically asserts that he "received a bond hearing in December 2017, at which bond was denied for same allegations of dangerousness" and he "was denied due process of law at that bond hearing." The Court observes, however, that Petitioner had been released and was not detained in December 2017. (Docs. 10 at 7; 10-1 at 17; 10-3 at 3-4.)

Lastly, Petitioner's claim that the "IJ Court also further failed to read and or to discuss in open Court[] the reasons [] for the denial of a release on bond" does not present grounds for review. (Doc. 10-1 at 8.) Petitioner has not identified which decision the IJ failed to read or discuss, nor has he presented any facts to support this allegation.

Accordingly, Petitioner fails to state a colorable claim for habeas corpus relief, and the Amended Petition and this action will be dismissed. *See* Rule 4, foll. 28 U.S.C. § 2254 (a district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.")[4]; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

**IT IS ORDERED:**

(1) Petitioner's motion for copies (Doc. 9) is **granted**. The Clerk of Court shall mail a copy of this Order to both Petitioner and his wife, Angelina Espinoza, 209 North 107 Drive, Avondale, Arizona 85323.

(2) The Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 10) is **denied** and this action is **dismissed**.

(3) The Clerk of Court shall terminate this case and enter judgment accordingly.

Dated this 3rd day of August, 2020.

James A. Teilborg
Senior United States District Judge

---

[4] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.